FILED IN CHAMBERS
U.S.D.C. Rome

OCT 3 0 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FLANIGAN'S ENTERPIRSES, INC.
OF GEORGIA, et al.,

             Plaintiffs,

       v.

CITY OF SANDY SPRINGS,
GEORGIA, et al.,

             Defendants.

CIVIL ACTION

NO. 1:06-CV-1562-RLV


O R D E R

     This is an action pursuant to 42 U.S.C. § 1983 and Georgia
state law, in which the plaintiffs challenge the constitutionality
of recent ordinances enacted by the new City of Sandy Springs.
Specifically, the plaintiffs allege that four city regulations are
unconstitutional: (1) the Alcohol Code, Ordinance No. 2005-12-16,
(2) the Adult Zoning Code, Ordinance No. 2005-12-19, (3) the Adult
Licensing Code, Ordinance No. 2005-12-20, and (4) the Obscenity
Ordinance, Ordinance No. 06-193.   [Hereinafter "the Alcohol and
Adult Zoning and Licensing Codes."]   These constitutional
challenges are on both a facial and an as applied basis.  Pending
before the court is the defendants' Motion to Dismiss [Doc. No. 7].
Because the motion is based on the assertion that the plaintiffs
have failed to present a case or controversy ripe for review, this
court will consider the defendants' motion as a Rule 12(b)(1)

motion to dismiss for lack of subject matter jurisdiction.[1]  For the foregoing reasons the court DENIES the motion.

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P., is properly considered as either a "facial" or "factual" attack.  A facial attack considers whether the complaint on its face sufficiently alleges a basis for subject matter jurisdiction, and all of the allegations in the complaint are taken as true for purposes of the motion.  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  A factual attack, on the other hand, challenges jurisdiction in fact; in that situation the allegations are not taken as true, and the court looks at any extrinsic evidence presented.  Id.; see Morrison v. Amway Corp., 323 F.3d 920, 925 n.5 (11th Cir. 2003).

The motion before the court challenges the complaint on its face because jurisdiction does not depend on adjudicating the merits of the case.  But see Lawrence, 919 F.2d at 1529 (treating a 12(b)(1) motion as a "factual" attack because jurisdiction over the plaintiff's tort claim under the Federal Tort Claims Act depended on the court's deciding the existence of a necessary

---

[1]The defendant does not specify the grounds for its motion other than generally styling its Motion to Dismiss under Rule 12 for "fail[ure] to present a case or controversy ripe for review." However, because the Eleventh Circuit case on which the defendant primarily rests its argument reviewed a dismissal for lack of subject matter jurisdiction (Rule 12(b)(1)) based on failure to present a case or controversy ripe for judicial review, see Digital Prop., Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997), this court will similarly approach the defendant's motion as a 12(b)(1) motion.  Accord Beaulieu v. City of Alabaster, 454 F.3d 1219 (11th Cir. 2006).

2

element in the underlying claim—whether the federal agent was acting within the scope of his employment.) Jurisdiction does, however, depend on whether the plaintiffs' claims are ripe for review.

Jurisdiction of the federal courts is limited to cases or controversies that are ripe for review, and there is both a jurisdictional and prudential concern in determining whether jurisdiction exists. Digital Prop., Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997). The "ripeness doctrine" protects against court speculation or premature adjudication by requiring a two-prong analysis: "[(1)] the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." Id. This analysis looks at the sufficiency of the injury to meet the cases or controversy requirement under Article III of the United States Constitution, and whether the claim and issues are sufficiently mature allow for effective decisions by the federal courts.

As an initial matter, this court must address the defendants' claim that neither the plaintiffs' "facial" challenges nor their "as applied" challenges to the constitutionality of the Alcohol and Adult Zoning and Licensing Codes are ripe because the plaintiffs have not pursued available remedies under the City's regulations. However, because the plaintiffs' challenges are at least in part made under section 1983, there is no requirement to do so. Beaulieu v. City of Alabaster, 454 F.3d 1219, 1226-27 (11th Cir.

3

2006)("The Supreme Court and this Court have held that there is no requirement that a plaintiff exhaust his administrative remedies before filing suit under §1983."); <u>Greenbriar Ltd. v. City of Alabaster,</u> 881 F.2d 1570, 1574 n.8 (11th Cir. 1989)). Accordingly, this court properly addresses whether all the plaintiffs' claims are ripe for review.

Addressing the first prong of the ripeness analysis, the defendant essentially argues that the plaintiffs' claims are not ripe for judicial decision because the City of Sandy Springs has not issued a conclusive decision on the applicability of the ordinance scheme to the plaintiffs and, therefore, there is no definite case or controversy available to adjudicate. [Def.s' Mot. to Dismiss Compl., Doc. No. 7, 9.] In support of their argument, the defendants rely almost exclusively on the Eleventh Circuit's decision in <u>Digital Properties, Inc. v. City of Plantation</u>. However, that case is distinguishable on the facts.

In <u>Digital Properties</u>, the court found that an adult book and video store owner did not present claims ripe for review because he had failed to obtain a "conclusive response" from the city when he had received only a statement from an assistant zoning technician, a non-supervisory employee, that the city did not allow adult book and video sales in the owner's zoning district. The court noted that even if the city's zoning regulation did implicate the plaintiff's constitutional rights, there was no subject matter jurisdiction because the plaintiff had failed to form a "concrete

4

case or controversy" by not obtaining "a conclusive response from someone with the knowledge and authority to speak for the City." Digital Prop., 121 F.3d at 590.   In other words, there must be a solid basis for asserting a claim, and absent a conclusive decision by the city that its zoning scheme prevented the plaintiff from operating an adult book and video store, the plaintiff in Digital Properties failed to present a controversy sufficiently ripe for review.

In this case, the City of Sandy Springs admits that it formally notified the adult night clubs (Mardis Gras and Flashers) of the Adult Entertainment Ordinance prohibiting the serving of alcohol at adult clubs.  The letter explicitly put the plaintiffs on notice that they had to choose between applying for an adult entertainment license or an alcohol beverage licence—effectively outlawing the manner in which they had previously been allowed to conduct their business.  It is hard to imagine a more conclusive response from the City than a letter from it directing the plaintiffs as to available courses of action under the new ordinances.    Nevertheless, the defendants argue that the plaintiffs' claims are not yet ripe because they have not appealed the city's decision to the city itself.

However, the Eleventh Circuit's decision in Digital Properties makes it clear that while a "conclusive response" from the administrative body enforcing challenged regulations is required in order to create a ripe case or controversy, that response can be

5

obtained at any time and not just at the end of any available appeal. Notably, the court's decision focused on the conclusiveness and authority of the notice upon which the plaintiff relied to create a controversy, not whether that notice came at the end of any available administrative remedy. Digital Prop., 121 F.3d at 590. In the instant case, the plaintiffs' "conclusive response" came from the City's own correspondence, not a statement by a "non-supervisory employee." The City's letter makes it clear that the Alcohol and Adult Zoning and Licensing Codes prohibit conduct that the plaintiffs wish to engage in. When the plaintiffs received this letter, it was reasonable for them to believe that the letter's guidance was "from someone with the knowledge and authority to speak for the City," id., because it was from the City itself.

Moreover, the Eleventh Circuit's most recent case involving the sufficiency of notice to create a controversy under the first prong of the ripeness doctrine supports this court's reasoning. In Beaulieu v. City of Alabaster, 454 F.3d 1219 (11th Cir. 2006), the court examined whether a state judicial candidate, Beaulieu, who challenged a local sign ordinance, had presented claims ripe for review based on a letter from that city's code enforcement official. In that case, the court found that unlike the plaintiff in Digital Properties, Beaulieu did survive the first prong of the ripeness test because "she had a written notice of violation from . . . the City's code enforcement officer, a person who had

authority to speak for the City regarding the application of its ordinance and who she had every reason to believe was knowledgeable about it . . . The notice could not have been more clear." Beaulieu, 454 F.3d at 1230. Whereas a letter from a code enforcement official is "sufficiently conclusive," id., the letter from the City of Sandy Springs in this case is also clearly sufficient for the plaintiffs to survive the first prong of the ripeness test.

Additionally, to the extent that the City's letter does not apply to the adult bookstores (Inserection I and Inserection II), their claims are nonetheless also fit for judicial review because the particular ordinance that prohibits part of the bookstores' previously legal sales is clearly applicable to these plaintiffs and enforceable by the defendant. Although the bookstores' claims are anticipatory, that is not a bar to ripeness. Int'l Soc'y for Krishna Consciousness v. Eaves, 601 F.2d 809, 821 (5th Cir. 1979)("To insist that a person must break the law in order to test its constitutionality is to risk punishing him for conduct which he may have honestly thought was constitutionally protected. Not only is this prima facie unfair, but it discourages people from engaging in protected activity and enforcing constitutional rights."). These plaintiffs' anticipatory claims are justiciable because the City's letter to their co-plaintiffs creates a "credible threat of prosecution," id., and the remaining ripeness analysis counsels in favor of the plaintiffs.

7

Addressing the second prong of the ripeness analysis, this court concludes that undue hardship may likely result if this court withholds adjudication. From the plaintiffs' complaint, it is clear that they seek to continue operating their businesses in a manner which the City has legislated against. In <u>Beaulieu</u>, the court concluded that the plaintiff had satisfied the second prong of the ripeness test because she had a "'specific, serious, and plausible' intent and desire to engage in conduct that arguably would violate the ordinance," and the city could reasonably be expected to enforce the law that was the subject of the warning it sent to the plaintiff. <u>Beaulieu</u>, 454 F.3d at 1230-31(citations omitted). Likewise, the plaintiffs in this case have made a strong showing that they wish to continue operating their businesses in the manner previously allowed. As such, they have made clear their "specific, serious, and plausible" intent to engage in activity that the City has told them is no longer permitted.

The fact that Sandy Springs enacted the Alcohol and Adult Zoning and Licensing Codes within the past year also weighs in favor of concluding that hardship will occur without adjudication because it is likely that the City will enforce this "recent expression of the legislature's will." <u>Eaves</u>, 601 F.2d at 821; <u>Beaulieu</u>, 454 F.3d at 1231. Consequently, the plaintiffs' complaint survives the second prong of the ripeness test, and this court may properly exercise subject matter jurisdiction.

Thus, having decided the jurisdiction issue, there remains only a determination as to whether this court ought to refrain from exercising jurisdiction for prudential reasons. Beaulieu, 454 F.3d at 1227. Like the defendant in Beaulieu, the City of Sandy Springs urges this court to abstain from exercising jurisdiction for prudential reasons. However, abstention is appropriate only "when doing so would interfere with a state criminal proceeding or a state civil or administrative proceeding that is akin to a criminal one." Beaulieu, 454 F.3d at 1231. Similar to that case, there is no such proceeding at the state level here, consequently, adjudicating the matter in this court would not interfere with any local action. Therefore, abstention is unwarranted; the claims asserted in this case are ripe for review and this court may properly exercise jurisdiction.

For the foregoing reasons, the defendants' Motion to Dismiss [Doc. No. 7] is DENIED.

SO ORDERED, this **30th** day of October, 2006.

_____
ROBERT L. VINING, JR.
Senior United States District Judge